LOUIS P. AMPLEMAN, Respondent, v. THE NORTH
BRITISH & MERCANTILE INSURANCE COMPANY,
Appellant.

### St. Louis Court of Appeals, April 2, 1889.

Insurance: "WHOLLY DESTROYED": INSTRUCTION. In defining the
statutory meaning of the words "wholly destroyed" (R. S., sec.
6009), the court erroneously added to the defendant's instruction
the words "substantial or considerable," so as to render the effect
that if, after the fire, "any substantial or considerable portion of
the walls" remained, that could be used for rebuilding, the build-
ing was not wholly destroyed. The words added were capable of
such an enlargement of application as would be misleading. (See
*Ampleman v. Citizens' Ins. Co., ante*, p. 308.)

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Campbell & Ryan*, for the appellant.

There was no substantial evidence to support the
verdict. Under the instructions given, the question for
the jury was whether, or not, after said fire there
remained any substantial or considerable portion of the
walls of said building that could be used for rebuilding
a house of similar construction, value, weight and
dimensions as the one burned, and if they so found,
then the verdict should be for the amount of the tender.
The jury brought in a verdict in the negative and found
for plaintiff for the full amount insured. This was
wholly unsupported by any substantial evidence. All
the witnesses agreed that a remaining portion of the
building was occupied as a saloon, and that the walls of
the saloon were the original walls of the building. The

court erred in inserting in the instructions given the words "substantial" or "considerable." These were misleading to the jury, and left it to each juror to give a measure of his own to these two words; the instruction should have been given without this interlineation by the court. The court will observe that the legislature was careful not to. use the words "totally lost," but "wholly destroyed;" that is, annihilated, having its elements entirely changed. This phrase, "wholly destroyed," is of a much more sweeping and radical character than the former phrase which had obtained a well-known judicial construction, and with which we must presume the legislature was acquainted. To show that the legislature used the words in this sense, we refer to section 6010, enacted at the same time. This section says: "Whenever there is a partial destruction," etc., it shall "be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property," etc. The property insured being only "partially destroyed," it was the duty of the insurance company, under section 6010, to pay a sum of money equal to the damage done. In case differences arose between the company and the assured, the ninth condition, fifth clause of the policy, points out how these questions should be settled.

*A. R. Taylor*, for the respondent.

The jury's verdict decided the question on the evidence, that the house was wholly destroyed. The trial court took the view that the words "wholly destroyed" were plain English words, having no technical meaning and in common use, and therefore needed no definition by the court. *Larimore v. Legg*, 23 Mo. App. 645; *Holland v. McCarty*, 24 Mo. App. 112. The court did tell the jury in the instructions given on its own motion that if the building in question was wholly destroyed by fire, the plaintiff was entitled to recover the amount

sued for. The doctrine that by the force of the statute of Missouri, section 6009, where there is a total loss, the amount written in the policy is conclusive evidence of the amount of loss is sustained by the case of *Reilly v. Ins. Co.*, 43 Wis. 454, and *Cayon v. Ins. Co.*, 32 N. W. Rep. 541. These cases are on a statute substantially the same as ours. It is respectfully submitted in this case that there was ample evidence to support the verdict. Indeed under all the evidence it appears that the house insured was wholly destroyed as a building and that the *debris* was a broken mass. If the building was a total loss as the authorities show, then the alleged adjustment was wholly without consideration and cannot prevail against the statute. *Cayon v. Ins. Co., supra*, and other cases cited.

ROMBAUER, P. J., delivered the opinion of the court.

This case is substantially the same in its facts, with the case of the same plaintiff against the Citizens' Insurance Company, *ante*, p. 308. The insurance was on the same building, the same proceedings were had in arbitrating the loss, and the same defenses were interposed in the action upon the policy.

The main difference between the two cases is, that in this case the court did instruct the jury as to the meaning of the words "wholly destroyed," which in the former case it omitted to do, and the only additional question for our consideration is whether the instruction thus given was correct, or whether the court should have given the instructions as asked by the defendant.

The defendant asked the following instruction:

"1. The court instructs the jury that if they find from the evidence that after said fire there remained any portion of the walls of said building that could be used for rebuilding it after said fire, and that such remaining walls were sufficient to support that part of a building of the same value, weight and dimensions and construction as the building burned, and that by using these

walls said building could be built for a less sum of money than if they were not to be used, then the building was not wholly destroyed, and your verdict will be for the amount of tender and payment into court."

The court refused to give the instruction in that form, but gave it after inserting the words "substantial or considerable" so as to make the first part of said instruction read: "The court instructs the jury that if they find from the evidence that after said fire, there remained any substantial or considerable portion of the walls of said building that could be used for rebuilding it, after said fire," etc.

In conformity with the views expressed in *Ampleman v. The Citizens' Insurance Company*, we must conclude that under the evidence in this case, the refusal of defendant's instruction and its modification by the court was prejudicial error. The great weight of the testimony tended to show that two of the four walls of the main building were but little injured by the fire, if at all, in fact continued to be used in part after the fire, as walls protecting a tenant's occupancy. The question for the jury was not whether any substantial or considerable portion of the original walls remained standing and uninjured, but whether any portion thereof remained in that condition. The words substantial and considerable permit a latitude of construction, which places the defendant wholly at the mercy of the jury, and fixes no standard by which their finding could be reviewed on the facts by the trial court.

For this error, the judgment will be reversed and the case remanded. So ordered. All concur.